Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

# UNITED STATES DISTRICT COURT
for the

Western District of Pennsylvania

Civil Division

| | | |
|---|---|---|
| Oliver O. Williams | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | | |
| -v- | | |
| Andrew Saul, <br> Commissioner of Social Security Administration | | |
| *Defendant* <br> *(Write the full name of the current Commissioner of the Social Security Administration. Do not include address here.)* | | |

## COMPLAINT FOR REVIEW OF A SOCIAL SECURITY DISABILITY OR SUPPLEMENTAL SECURITY INCOME DECISION

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Oliver O. Williams |
| Street Address | 333 East 8th Street |
| City and County | Erie, Erie County |
| State and Zip Code | Pennsylvania 16503 |
| Telephone Number | 814-882-0642 |
| E-mail Address | |
| **Last Four Digits** of Your Social Security Number *(Do not include full number)* | 8,721 |

### B. The Defendant

Provide the information below for the defendant named in the complaint. Attach additional pages if needed.

Defendant *(The current Commissioner of the Social Security Administration)*

| | |
|---|---|
| Name | Andrew Saul, Social Security Administration Commissioner |
| Street Address | 717 State Street, Suite 500 |
| City and County | Erie, Erie County |
| State and Zip Code | Pennsylvania 16501 |
| | *(Regional Office of the Social Security Administration General Counsel.)* |
| Telephone Number | (877) 405-2887 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

This is an action seeking court review of a decision of the Commissioner of the Social Security Administration. Jurisdiction for such proceedings can be based on two statutes. If this complaint seeks review of a decision regarding Disability Insurance Benefits under Title II of the Social Security Act, jurisdiction is proper under 42 U.S.C. § 405(g). If this complaint seeks review of a decision regarding Supplemental Security Income under Title XVI of the Social Security Act, jurisdiction is proper under 42 U.S.C. § 1383(c)(3). Please check the type of claim you are filing.

| Claim Type | For Clerk's Office Use Only |
|---|---|
| [✓] Disability Insurance Benefits Claim (Title II) | COA: 42:0405id<br>NOS: 864 |
| [ ] Supplemental Security Income Claim (Title XVI) | COA: 42:1383<br>NOS: 863/864 |
| [ ] Child Disability Claim | COA: 42:0405wc<br>NOS: 863 |
| [ ] Widow or Widower Claim | COA: 42:0405ww<br>NOS: 863 |

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

An appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final. When did you receive notice that the Commissioner's decision was final? *(This is likely the date on which you received notice from the Social Security Appeals Council that your appeal was denied.)*

June 23, 2020

Please attach a copy of the Commissioner's final decision, and a copy of the notice you received that your appeal was denied from the Social Security Appeals Council.

### III. Statement of Claim

Federal courts may overturn decisions by the Commissioner of Social Security only if the decision was not supported by substantial evidence in the record or was based on legal error. Why should this court overturn the Commissioner's decision? *(Check all that apply)*

[✔] The Commissioner found the following facts to be true, but these facts are not supported by substantial evidence in the record. *(Explain why the Commissioner's factual findings are not supported by substantial evidence in the record.)*

See Attached.

[✔] The Commissioner's decision was based on legal error. *(Identify all legal errors.)*

See Attached.

### IV. Relief

State what you want the court to do *(check all that apply)*:

[ ] Issue a summons directing the defendant to appear before the court.

[ ] Order the defendant to submit a certified copy of the transcript and record, including evidence upon which the findings and decision are based.

[✔] Modify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability.

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

☑ In the alternative, remand to the defendant for reconsideration of the evidence.

☑ Grant any further relief as may be just and proper under the circumstances of this case.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/13/20

Signature of Plaintiff: *Alvin O. William*
Printed Name of Plaintiff:

### B. For Attorneys

Date of signing: 08/13/2020

Signature of Attorney:
Printed Name of Attorney: George Joseph
Bar Number: 36606
Name of Law Firm: Quinn Law Firm
Street Address: 2222 West Grandview Boulevard
State and Zip Code: PA 16506
Telephone Number: 814-833-2222
E-mail Address: gjoseph@quinnfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLIVER O. WILLIAMS. <br> Petitioner, <br><br> v. <br><br> ANDREW SAUL, in his capacity as COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION <br> Defendant. | Civil Action No. |

## STATEMENT OF CLAIM

Petitioner filed an application for social security disability insurance benefits on January 13, 2017, alleging an onset date of December 20, 2016 and disability as a result of diabetes and optic neuritis. On June 19, 2017, the Social Security Administration rendered a decision of Not Disabled, determining that "[y]our diabetes is controlled and has not created significant damage to any vital organ. Your vision impairment does not prevent you from doing many types of work."

Petitioner subsequently appealed this decision on August 8, 2017, citing the additional evidence of Dr. Seth Fox, Dr. Gabrielle Bonhomme, and Dr. George Goodman. On November 8, 2018 a video hearing was held before the Honorable Administrative Judge Matthew Kuperstein. On May 17, 2019, Judge Kuperstein issued an unfavorable decision. Judge Kuperstein found that Petitioner suffered from obesity, optic neuritis, sarcoidosis, and diabetic retinopathy. However, despite these severe impairments, Judge Kuperstein found that Petitioner was capable of light work.

Petitioner appealed Judge Kuperstein's decision on July 12, 2019 as a result of the following errors: (1) failure to find that the Claimant meets or exceeds a listed impairment; (2) in finding that Claimant can physically perform light duty work; and (3) failure to consider that

Claimant is unable to perform work that would rise to the level of substantial gainful activity. The Appeals Counsel denied review, stating "[w]e found no reason under our rules to review the Administrative Law Judge's decision" stating that the additional evidence submitted did not relate to the period at issue, and therefore did not affect the decision of disability.

The Appeals Council's determination that the additional evidence did not relate to the period at issue is erroneous. The evidence was a report letter from Dr. Seth Fox which merely clarified the information contained in his medical records, which covered the period at issue. Moreover, the Appeals Council failed to consider Petitioner's remaining position. Petitioner's medical providers repeatedly found that Petitioner's diagnoses prevented light work, and Petitioner's medical records support the same. Additionally, Petitioner's diagnosis of sarcoidosis with FEV[1] values less than 70% meet listing Section 3.00.D.4. Lastly, Judge Kuperstein and later, the Appeals Council, failed to consider Petitioner's non-exertional limitations.

In conclusion, the Commissioner's finding that the decision of Judge Kuperstein was supported by substantial evidence is incorrect in that the Commissioner and the Appeals Council both failed to consider the entirety of Petitioner's position and rather focused solely on the fact that additional evidence submitted did not relate to the period of disability at issue.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By _____
George Joseph, Esquire
2222 West Grandview Boulevard
Erie, PA  16506
Phone:        (814) 833-2222
Facsimile:    (814) 833-6753
Attorneys for Petitioner